UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

GARY D. ALLEN   PLAINTIFF

VERSUS   CIVIL ACTION NO. 1:08CV393-RHW

MICHELLE GUNN et al   DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court for screening of Plaintiff's 42 U.S.C. § 1983 prisoner civil rights complaint. Plaintiff, proceeding *pro se* and *in forma pauperis*, filed the instant lawsuit on August 19, 2008, alleging inadequate medical care for a work-related knee injury. The Court conducted a screening hearing on May 12, 2009, pursuant to 28 U.S.C. § 1915A. Plaintiff has been an inmate of the Mississippi Department of Corrections since 2004. He is serving a 25-year sentence.

In his complaint, Plaintiff alleged that prior to his conviction and incarceration he sustained a work-related knee injury while employed at Northrop Grumman. Following the injury, Plaintiff was being treated by Dr. Lance Johansen, his "worker's compensation doctor". Plaintiff now complains that prison officials refuse to allow him to continue treatment with Dr. Johansen for necessary knee replacement surgery. Plaintiff concedes that Defendants have offered to take him to Jackson, Mississippi for the knee surgery, paid by the State. Plaintiff refuses this course of treatment. Plaintiff has named MDOC commissioner Christopher Epps and Dr. Ron Woodall, the prison doctor, as defendants. In addition he has named Northrop Grumman Ship Systems and Michelle Gunn, an insurance adjuster for the workers' compensation carrier, as defendants.

Regarding treatment of his knee injury since incarceration, Plaintiff indicated that he was seen by Dr. Johansen on two occasions. He received a shot in his knee during one of these visits. Plaintiff has received pain medication. Prison medical officials gave Plaintiff antacids and something for indigestion to counteract stomach problems caused by the pain medication. Prison officials also have offered to transport Plaintiff to University Medical Center in Jackson, Mississippi for knee surgery, but Plaintiff has refused the treatment. Plaintiff requests that only Dr. Johansen conduct the surgery.

## **LAW AND ANALYSIS**

Plaintiff argues that he was denied constitutionally adequate medical care because Defendants denied his request to be treated by Dr. Johansen. To state a constitutional claim for denial of adequate medical care, Plaintiff must demonstrate that Defendants were deliberately indifferent to Plaintiff's serious medical needs, such that it constituted an unnecessary and wanton infliction of pain. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A prison official is not liable for the denial of medical treatment unless the official knows of and disregards an excessive risk to inmate health or safety. *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999). An allegation of malpractice or mere negligence is insufficient to state a claim. *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999). Moreover, the fact that a prisoner disagrees with the type of medical treatment does not constitute a constitutional deprivation. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

At the hearing and in his pleadings, Plaintiff admits that prison officials have offered to have his knee treated at University Medical Center. Moreover, Plaintiff concedes that he has received pain medication for the injury and that he received an injection to his knee. Based on

2

Plaintiff's admissions, it is undisputed that Defendants have not been deliberately indifferent to Plaintiff's medical condition. At most, Plaintiff has alleged a disagreement with the type of treatment he received. Plaintiff is not constitutionally entitled to the physician of his choice. He is entitled only to constitutionally adequate treatment, i.e. treatment that is not deliberately indifferent to his serious medical condition. Plaintiff knee has not been treated not because of Defendants failure to act but because of Plaintiff's refusal to accept the offered course of treatment. Under the circumstances, the Court finds that Plaintiff has failed to state a claim against any of the defendants for inadequate medical care.

The Court further concludes that Plaintiff cannot sustain a cause of action against Northrop Grumman or Michelle Gunn. Northrop Grumman and Gunn are not state actors nor were they acting under color of state law; therefore, they are not properly named as defendants in a § 1983 lawsuit. *See generally Anderson v. Jackson*, 556 F.3d 351, 356 (5th Cir. 2009); *Atteberry v. Nocona General Hospital*, 430 F.3d 245, 252-53 (5th Cir. 2005). Moreover, Plaintiff has not alleged any wrongdoing on the part of Northrop Grumman and Gunn. Specifically, he fails to explain how their conduct violated his constitutional right to adequate medical care as an inmate of the MDOC.

Based on the foregoing, the Court concludes that Plaintiff's § 1983 lawsuit should be and is hereby dismissed with prejudice as to all defendants and all claims.

SO ORDERED, this the 30th day of October, 2009.

                                                        s/ *Robert H. Walker*
                                                        UNITED STATES MAGISTRATE JUDGE